IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY 1997 SESSION

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 02C01-9701-CC-00013 |
| Appellee, | * | MADISON COUNTY |
| VS. | * | Hon. Franklin Murchison, Judge |
| DANNY RAY LACY, | * | (First-degree murder) |
| Appellant. | * | |

CONCURRING OPINION

I concur in the judgment of my colleagues that the sentence and conviction should be affirmed and write separately only to address whether "double weighing" (use of the underlying felony as an aggravating circumstance for the imposition of a greater sentence) is permissible in a life without parole sentence. The majority correctly notes that in State v. Frederick D. Butler, Dewayne B. Butler, and Eric D. Alexander, No. 02C01-9604-CR-00128, slip op. at 21 (Tenn. Crim. App., at Jackson, March 19, 1997), app. granted, Nov. 3, 1997, our court held that "double-weighing" is appropriate in these circumstances. I believe, however, that the reasoning of this court in State v. James Lloyd Julian, II, No. 01C01-9511-CV-00371, slip op. at 17 (Tenn. Crim. App., at Knoxville, July 24, 1997), perm. to app. filed, Oct. 30, 1997, is more persuasive. In Julian, Judge David Welles spoke for the panel: "We do not believe the legislature intended to except those receiving life without parole from the protections against double enhancement afforded those receiving death and those receiving lesser sentences." Cf., State v. Middlebrooks, 840 S.W.2d 317 (Tenn. 1992). In my opinion, this view better reflects the intent of our statutory scheme. See State v. Jones, 883 S.W.2d 597 (Tenn. 1994). I agree, however, with the conclusion reached by the majority. The sentence should be affirmed, because no double weighing occurred in this case.

_____
Gary R. Wade, Judge